# United States District Court
## District of Massachusetts

UNITED STATES OF AMERICA,

v.                                    CRIMINAL NO. 2001-10319-MLW

LEONARD BASKIN,
            Defendant.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, Ch.U.S.M.J.

Leonard Baskin ("the defendant") appeared on September 20, 2001 with counsel for a detention hearing. The defendant is charged in Count 1 with possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 846. The alleged violation of 21 U.S.C. § 846 is an offense described in 18 U.S.C. § 3142(f)(1)(C). The purpose of a detention hearing is as stated in the statute - i.e., "...to determine whether any condition or combination of conditions...(of release) will reasonably assure the appearance of the person as required and the safety of any other person and

the community...".

It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar. With respect to the presumption, the statute provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required <u>and</u> the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of Title 18 of the United States Code.

Emphasis supplied.

The defendant is charged in the Indictment with a violation of the Controlled Substances Act (21 U.S.C. § 801 et seq.) which carries a maximum sentence of ten years or more imprisonment. Thus, it is presumed in the instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community if I find that there is probable cause to believe that the defendant committed the offense charged in the Indictment. Although this

2

presumption does not shift the burden of persuasion to the defendant, it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight. *United States v. Jessup*, 757 2d 378 (1 Cir., 1985); *United States v. Palmer-Contreras*, 835 F.2d 15, 17-18 (1 Cir., 1987).

The first issue then is whether there is probable cause to believe that the defendant committed the offense with which he is charged. The return of an indictment is sufficient to fulfill the probable cause prerequisite for the presumption's operation. *United States v. Vargas*, 804 F.2d 157, 163 (1 Cir., 1986).

The second issue is whether the defendant has met his burden of production. I find that he has on the issue of risk of flight. Evidence tending to indicate that the Government's evidence is weak or that is unlikely that the defendant will be convicted is directly relevant to that risk; the theory is that a defendant would not flee if there is little chance of conviction.

However, the defendant has also a burden to produce evidence that there

3

are conditions or a combination of conditions of release which would reasonably assure the safety of other persons and the community. I find that the defendant has not offered one scintilla of evidence to rebut this presumption. The evidence of the purported weakness of the Government's case is irrelevant to the issue of dangerousness.

I find that the defendant has failed to meet his burden to produce some evidence that there are conditions of release or a combination of conditions of release which would reasonably assure the safety of other persons and the community. Accordingly, the defendant, having failed to meet this burden of production, shall be detained on the basis of presumption of dangerousness found in 18 U.S.C. § 3142(e).

Pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charges contained in the above-styled Indictment. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (1) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal;

(2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by either defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. Sec. 3145(b).

_____
ROBERT B. COLLINGS
Chief U.S. Magistrate Judge

September 26, 2001.