```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
          v.                  )    CR. NO. 01-10319-MLW
                              )
LEONARD BASKIN                )
                              )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                      May 12, 2010

Defendant Leonard Baskin is serving a 180 month sentence for possession of 50 grams or more of cocaine base with intent to distribute, and for being a felon in possession of a handgun. This sentence was twelve months above the low end of the guideline range of 168 to 210 months. As a result of Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which generally retroactively reduces by two levels the offense level for crimes involving crack cocaine and became effective March 3, 2008, Baskin moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10 (the "Motion"). As Baskin is indigent, counsel was appointed to represent him. The government and counsel for Baskin have conferred and filed a Joint Status Report concerning the Motion.

The parties correctly agree that Baskin is eligible for a reduction of his sentence. They also correctly agree that no hearing is necessary or appropriate. See Fed. R. Crim. P. 43(b)(4) (stating that defendant need not be present for a reduction of sentence under 18 U.S.C. § 3582(c)). However, the parties disagree

as to the appropriate new sentence.

As a result of Amendment 706, the guideline range for Baskin's offenses is 140 to 175 months. After considering the sentencing factors set forth in 18 U.S.C. §3553(a), the court concludes that a sentence of 146 months is sufficient and no more than necessary, and therefore most appropriate.

Defendant argues that an order reducing the term of imprisonment from 180 months to 140 months is appropriate because he was sentenced based on a guideline range that has subsequently been lowered by retroactive amendment. See 18 U.S.C. §3582(c)(2); U.S.S.G. §1B1.10. Defendant recommends that the court impose a sentence of 140 months, which is at the low end of the new guideline range, because of his post-conviction rehabilitation efforts, including, among other things, the completion of a 40 hour drug education program and his work on a food service work detail. See Motion at 1.

The government does not dispute the calculation of the guideline range applicable under the amended advisory guidelines. However, it recommends that Baskin's sentence be reduced only to 152 months, 12 months above the low end of the guideline range. It argues that this is appropriate in light of, among other things, U.S.S.G. §1B1.10, which states that in applying the amended guideline provisions, the court is to impose a sentence as "if the amendment(s) to the guidelines listed in subsection (c) had been in

effect at the time the defendant was sentenced." U.S.S.G. §1B1.10(b)(1). The government argues that this language discourages consideration of Baskin's post-conviction good behavior.

The government also notes that Baskin's sentence is already shorter than it might have been, due to the court's rejection at sentencing of two Pre-Sentence Report recommendations that would have raised the base offense level by several levels. Moreover, the government argues, Baskin "posed an extraordinary risk to the community" at the time his sentence was determined, citing, among other things, the criminal history points he amassed as a youth and instances of domestic violence against the mothers of his children. Government's Re-Sentencing Memorandum ("Gov. Memo") at 2.

Finally, the government states, without citing any authority, that "in order for the defendant to be eligible for a sentence reduction he must not have had any significant disciplinary tickets." Gov. Memo at 3. It does not, however, argue that Baskin has received a significant disciplinary ticket, but rather states that "the additional one year reduction requested by the defendant rests entirely on a five day drug program." Id.

The government's contention that U.S.S.G. §1B1.10 discourages consideration of post-conviction behavior is mistaken. See United States v. Joseph, 333 Fed. Appx. 588, 589 (1st Cir. 2009). It is true that the language of §1B1.10(b)(1) could be read to discourage

3

or even preclude consideration of post-conviction conduct.  Indeed, on its face, the "determination" referred to in the second sentence of subsection (b)(1)[1] may be read to refer either to the more general determination of "whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) ... is warranted" or to the more specific determination of "the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced."  U.S.S.G. §1B1.10(b)(1).[2]   The former reading would

---

[1]"In making such determination, the court shall...." U.S.S.G. §1B1.10(b)(1).

[2]In pertinent part, Subsection (b) states:
(b) Determination of Reduction in Term of Imprisonment.--

    (1) In General.--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 2582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

    (2) Limitations and Prohibition on Extent of Reduction.--

        (A) In General.--Except as provided in subdivision

appear to preclude consideration of post-sentencing conduct in determining whether a defendant's term of imprisonment should be reduced.

However, Application Note 1.B ("A.N. 1.B") contradicts this reading.  A.N. 1.B states that "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)."  U.S.S.G. §1B1.10, A.N. 1.B (eff. May 1, 2008).

When the Application Note and §1B1.10(b) are read together, the limits imposed by subdivision (b) become clear.  The guidelines preclude consideration of post-sentencing conduct only to the extent that doing so would alter the determination of the amended guideline range that would have applied to the defendant. They do not preclude consideration of post-sentencing conduct in determining whether a sentence reduction is warranted or the degree of any such reduction.  A.N. 1.B's explicit reference to instances

---

(B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

in which consideration of post-sentencing conduct is appropriate demonstrates that subsection (b) was not intended to preclude all consideration of post-sentencing conduct. See, e.g., Joseph, 333 Fed. Appx. at *1.

Here, Baskin's post-sentencing conduct indicates that he has been a generally compliant prisoner. He has received satisfactory evaluations during his nearly five years working in food services. He has incurred only one disciplinary report during his time at OCI-Otisville, where he has been incarcerated since approximately 2005. The Bureau of Prisons considers this report, which was issued to Baskin for refusing to obey an order when he continued to walk away after a staff member instructed him to stop to be searched, to be of a minor nature. Baskin's sanction, a loss of commissary for 30 days, was suspended pending 90 days of good conduct. This report does not constitute the "significant disciplinary ticket[]" that the government argues would preclude eligibility for a sentence reduction. Gov. Memo at 3.

Contrary to the government's contention, Baskin's request for an additional one year reduction in his sentence does not "rest[] entirely on a five day drug program." Id. Baskin has supplied the court with four certificates that have been issued to him since he was incarcerated. These certificates demonstrate that he has completed at least two courses: (1) the eight week course titled "Doing Time With A Right Mind," for which Baskin received a

6

certificate on October 7, 2008; and (2) the "Effective Alternatives (Positive Mental Attitude)" Program, for which Baskin received a certificate on October 2, 2008.[3] Baskin has also completed a 40-hour drug education program and a 3-hour education orientation.

Despite this record of participation, the Bureau of Prisons considers Baskin to have poor program participation because he has allegedly only provided his case manager with verification of his participation in the latter two programs and, therefore, has only received credit for those two programs. The combination of Baskin's lack of verified program participation and his minor disciplinary report have caused him to fall within the low end of the high security level classification. In light of the certificates that Baskin has provided to the court, this classification is not an accurate reflection of Baskin's behavior during his period of incarceration.

The government's assertion that "the defendant posed an extraordinary risk to the community" at the time of sentencing must be taken into account. Gov. Memo at 2. The government notes, among other things, that Baskin "had amassed 15 criminal history points by a very young age," and that he "had a history of domestic

---

[3]The other two certificates, presented to Baskin by the National Federation of Professional Trainers and the Walk Across America Program, respectively, do not indicate whether they were issued for completion of a training program.

violence against the mothers of his several children." Id.[4]  These are serious considerations.  Nevertheless, the court concludes that they do not outweigh Baskin's good behavior during his period of incarceration.  Baskin amassed his criminal history points between 1997 and 1999, when he was between 19 and 21 years old.[5]  He is now 32 years old.  The history of domestic violence referred to by the government consists of uncharged allegations of violence against three women,[6] as well as three instances in which Baskin violated abuse prevention orders.  Two of these instances also involved Baskin's threats to commit bodily harm to another person.  While the court does not minimize the serious criminality of such

---

[4]The government also states that Baskin "was having sex with a 15 year old DSS runaway in the same room where he was selling crack and possessing a firearm, and he had asked her if she would have his child after knowing her only a few hours." Gov. Memo at 2.  This description derives from the Pre-Sentencing Report, which in turn derived from a statement submitted by the prosecuting attorney at Baskin's trial in the instant case.  However, Baskin, who was 22 at the time of this alleged interaction, was not indicted for statutory rape, and consequently these allegations were never proven.  Further, Baskin objected to the government's characterization of the underage girl as a "victim" of his crimes in the Pre-Sentencing Report, and the Probation Office agreed that an enhancement on this basis was not applicable.  Accordingly, the court gives these allegations limited weight in the instant determination.

[5]Baskin also committed several criminal acts before the age of 19, but because he committed these acts as a juvenile, he did not accrue criminal history points as a result.

[6]These allegations were made in affidavits for Abuse and Prevention Orders.  One of these orders was modified four months later to a no abuse order at the request of the plaintiff, and one was vacated seventeen days later at the request of the plaintiff.

8

behavior, it does note that Baskin was never charged with acts of physical violence.

Ultimately, the court finds that Baskin's good behavior during his term of incarceration should be recognized and encouraged. Accordingly, it is hereby ORDERED that:

1.  The Motion (Docket No. 168) is ALLOWED.

2.  Baskin's sentence is REDUCED to 146 months in the custody of the Attorney General.

3.  The term and conditions of Supervised Release previously imposed are not altered.

4.  The attached Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) shall enter forthwith.

       /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE