UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | DOCKET NO. 01-CR-10319-MLW |
| ) | |
| LEONARD BASKIN ) | |

MOTION FOR DETENTION HEARING AND RELEASE FROM CUSTODY

The defendant, Leonard Baskin, hereby moves for a hearing pursuant to 18 U.S.C. §3142(f) on the issue of his continued detention. Mr. Baskin had a preliminary hearing in relation to allegations that he had violated the terms of his supervised release before the Court on April 2, 2020. At that time the government moved for Mr. Baskin's detention, asserting that he posed a serious risk of flight pursuant to 18 U.S.C. §3142(f)(2)(A) and that he was a potential threat to Ms. Gwendolyn Baskin if released. Mr. Baskin provided information to the Court to counter these assertions and at the conclusion of the hearing, the United States Probation Office was directed to investigate two proposed addresses that he suggested he could be released to. USPO Larissa Charrette completed her inquiries and provided this Court with her findings. *See* Docket Entry ("DE") 260.

On April 10, 2020, this Court issued an order of detention for Mr. Baskin pending his final revocation hearing after reaching several conclusions. First, given the information provided by the U.S. Probation Department, the Court did not deem the addresses provided by Mr. Baskin for potential release appropriate. *See* DE 261. The Court did state it would consider another address if it were to be provided. *Id.* Second, the Court found that Mr. Baskin had not provided any information indicating that the Donald Wyatt Detention Facility ("Wyatt") was holding inmates that had contracted COVID-19 or that he had any preexisting medical

condition that made him more vulnerable if exposed to the virus. In accordance with the Court's commentary, Mr. Baskin now seeks review of the detention order pursuant to 18 U.S.C. §3145(b) and requests a hearing at the Court's earliest convenience.

As of the date of the filing of this motion, defense counsel reports the following to the Court. First, Mr. Baskin has provided USPO Larissa Charette with a new address in Fall River and the necessary contact information for the Court's consideration. Second, over the last week Wyatt has reported to the United States District Court for the District of Massachusetts that it has begun testing inmates for COVID-19 and 8 individuals have been confirmed positive for the virus. *See* attached Exhibit A. Lastly, defense counsel has received information from Mr. Baskin that although he did receive a COVID-19 test with a negative result over a week ago, he is now experiencing symptoms including coughing, body aches, and fever. He has gone to medical personnel at Wyatt about his persistent symptoms and has been told that he is "fine". This has distressed Mr. Baskin greatly as he fears he has contracted the virus. He also indicates that three people on his unit have been placed in quarantine by Wyatt staff. Defense counsel has alerted the United States Marshals Service of this development as of April 27, 2020 and they have communicated Mr. Baskin's concerns to medical personnel at Wyatt. As of April 29, 2020, Wyatt medical personnel have not responded concerning Mr. Baskin's condition.

In stark contrast to the government's supplemental memorandum in support of its detention request (DE 259) and the representations made therein about the measures Wyatt had taken to prevent the spread of COVID-19 at the jail, defense counsel offers the attached affidavit of Attorney Ashley Allen who represents the first inmate that tested positive for the virus at the jail. *See* Exhibit B. Attorney Allen's shocking description of her client's experience at Wyatt prior to contracting the virus mirrors the information Mr. Baskin relayed to this Court at the first detention hearing concerning his fears of becoming ill due to the conditions he was living in. It

also gives some context to Mr. Baskin's current assertion that he is experiencing physical symptoms that are not being taken seriously by medical staff at the facility.   As of April 29, 2020, Mr. Baskin's final revocation hearing has yet to be scheduled in the District Court.   Under the circumstances described, he feels he must ask the Court to reconsider his detention situation.  U.S.P.O. Larissa Charette and AUSA John Dawley have been notified of this request.

                                    LEONARD BASKIN,
                                    By His Attorney

                                    */s/ Oscar Cruz, Jr.*
                                    Oscar Cruz, Jr., BBO#630813
                                    Federal Public Defender Office
                                    District of Massachusetts
                                    51 Sleeper Street, 5th Floor
                                    Boston, MA 02210
                                    Tel: 617-223-8061
                                    Email: oscar_cruz@fd.org

## CERTIFICATE OF SERVICE

I, Oscar Cruz, Jr., Esquire, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on April 29, 2020.

                                    */s/ Oscar Cruz, Jr.*
                                    Oscar Cruz, Jr.